IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No:

GOLDEN DOOR PROPERTIES LLC,
a California limited liability company,
    Plaintiff,

v.

GOLD DOOR 300, LLC,
d/b/a Golden Door
a Florida limited liability company,
    Defendant.
_____/

## COMPLAINT

Plaintiff Golden Door Properties LLC ("Plaintiff" or "Golden Door Properties"), by and through undersigned counsel, sues Defendant Gold Door 300, LLC, d/b/a Golden Door ("Defendant" or "Golden Door Miami") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the federal trademark laws of the United States, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and Florida common law, seeking relief for trademark infringement, false designation of origin, unfair competition, trademark dilution, and related business torts stemming from Defendant's unauthorized and willful adoption and use of Plaintiff's distinctive and federally registered GOLDEN DOOR trademark.

2. For more than sixty-five years, Plaintiff has consistently and prominently used the internationally acclaimed GOLDEN DOOR trademark in connection with its premier restaurant and spa services, as well as a range of related goods and services. Through this longstanding and exclusive use, Plaintiff has cultivated significant goodwill and widespread recognition of the GOLDEN DOOR mark among consumers throughout the United States. Defendant, in a brazen

attempt to capitalize on Plaintiff's substantial goodwill and reputation, has recently commenced operations in South Florida using the identical mark "Golden Door" in direct competition with Plaintiff's established services.

3. Plaintiff seeks preliminary and permanent injunctive relief, monetary damages, disgorgement of Defendant's profits, treble damages, attorneys' fees, and all other relief deemed just and proper to remedy Defendant's willful infringement and prevent further consumer confusion and harm to Plaintiff's valuable trademark rights.

## PARTIES

4. Plaintiff Golden Door Properties LLC is a California limited liability company with its principal place of business located at 777 Deer Springs Road, San Marcos, California. Plaintiff is the rightful owner of United States Trademark Registration No. 958,717, for the mark GOLDEN DOOR, for Restaurant Services.

5. Upon information and belief, Defendant Golden Door Miami LLC is a Florida limited liability company with its principal place of business located in Miami-Dade County, Florida. Defendant operates a restaurant and lounge in South Florida under the infringing "Golden Door" and "Golden Door Miami" designations.

6. Upon information and belief, Defendant has actual knowledge of Plaintiff's trademark rights and deliberately chose the "Golden Door" designation to trade upon Plaintiff's established reputation and goodwill in the marketplace.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a)-(b), as this action arises under the federal trademark laws. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because Defendant is organized under Florida law, maintains its principal place of business in this District, and has purposefully directed its activities toward this District by operating its business herein and using the infringing mark in commerce within this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL BACKGROUND

### Plaintiff's Priority Rights in the GOLDEN DOOR Mark

10. Plaintiff's predecessor-in-interest first adopted and used the GOLDEN DOOR mark in commerce in connection with Restaurant and related services in January 1959, establishing the world-renowned Golden Door spa and wellness destination in San Marcos, California.

11. For over six decades, Plaintiff and its predecessors have continuously used the GOLDEN DOOR mark in connection with Restaurant services building substantial and valuable goodwill, recognition, and consumer association with the mark throughout the United States and internationally.

12. The GOLDEN DOOR mark is federally registered with the United States Patent and Trademark Office under Registration No. 958,717, filed on February 25, 1971, registered on May 8, 1973, in International Class 42 for Restaurant Services, which includes services involving food and drink, cafes, catering, and temporary lodging such as hotel accommodations. Said registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of the USPTO Registration Certificate is attached hereto as **Exhibit A** and incorporated herein by reference.

13. Following the registration of Plaintiff's GOLDEN DOOR mark for restaurant services on May 8, 1973, the United States Patent and Trademark Office subsequently reclassified restaurant services from International Class 42 to International Class 43, in accordance with revisions to the Nice Agreement. Plaintiff's registration remains valid, subsisting, and incontestable, with all rights and protections attaching thereto currently recognized under International Class 43.

14. Plaintiff has invested substantial time, effort, and resources in promoting and advertising the GOLDEN DOOR mark, including but not limited to national and international advertising campaigns, celebrity endorsements, and media coverage, resulting in widespread consumer recognition and association of the mark with Plaintiff's premium services.

15. The GOLDEN DOOR mark has achieved fame and distinctiveness commanding premium pricing and attracting clientele from around the world who specifically seek out services bearing the GOLDEN DOOR mark based on its reputation for excellence.

**Defendant's Infringing Conduct**

16. Upon information and belief, Defendant commenced operations in or around April 2025 using the designation "Golden Door" in connection with restaurant services directly competitive with those offered by Plaintiff. See "Golden Door Is the Talk of Miami With Star-Studded Grand Opening" dated April 1, 2025, attached hereto as **Exhibit "B".**

17. Defendant uses the infringing "Golden Door" designation prominently in its business operations, including but not limited to exterior and interior signage, promotional materials, websites, social media platforms, advertising, and marketing materials. **See Exhibit "C."**

18. Defendant's services operate in the same channels of trade as Plaintiff's services and target the same class of consumers seeking premium dining experiences.

19. Defendant's adoption and use of the infringing "Golden Door" mark creates a likelihood of confusion, mistake, or deception among consumers as to the source, origin, affiliation, connection, association, sponsorship, approval, or endorsement of Defendant's services.

20. Upon information and belief, Defendant was aware of Plaintiff's prior rights in the GOLDEN DOOR mark at the time of adoption, as evidenced by Defendant's conscious decision to adopt a mark incorporating the identical "Golden Door" name in connection with substantially identical services.

### Notice and Defendant's Refusal to Cease

21. On or about June 12, 2025, Plaintiff, through counsel, served Defendant with a comprehensive cease and desist letter, providing notice of Plaintiff's trademark rights, enclosing a copy of the federal registration certificate, and demanding that Defendant immediately discontinue all use of the "Golden Door" designation and any other marks incorporating "Golden Door." A true and correct copy of Plaintiff's demand letter dated June 12, 2025 is attached hereto as **Exhibit "D"** and incorporated herein by reference.

22. Defendant acknowledged receipt of Plaintiff's cease and desist letter but has refused to comply with Plaintiff's reasonable demands and continues to operate under the infringing designation with full knowledge of Plaintiff's superior rights.

23. Defendant's continued use of the infringing mark after receiving notice of Plaintiff's rights constitutes willful infringement under the Lanham Act.

## IRREPARABLE HARM

24. Defendant's unauthorized use of Plaintiff's GOLDEN DOOR mark has caused and continues to cause irreparable harm to Plaintiff, including but not limited to: consumer confusion regarding the source of services; dilution of the distinctive character of Plaintiff's famous mark; tarnishing of Plaintiff's reputation; loss of control over its trademark and associated goodwill; and loss of potential customers and business opportunities.

25. Such harm cannot be adequately compensated by monetary damages alone and warrants injunctive relief.

## CLAIMS FOR RELIEF

### COUNT I
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff is the owner of a valid, subsisting, and incontestable federal trademark registration for the GOLDEN DOOR mark.

28. Defendant, without authorization or consent from Plaintiff, has used and continues to use in commerce the identical "Golden Door" and "Golden Door Miami" designation in connection with restaurant and food related services expressly covered by Plaintiff's registration.

29. Defendant's use of the infringing "Golden Door" mark is likely to cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association of Defendant's services with Plaintiff.

30. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

31. Defendant's infringement has been willful, deliberate, and undertaken with actual knowledge of Plaintiff's rights.

32. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but not less than Defendant's profits from said infringement. In addition, Defendant's conduct has caused irreparable damage and injury to Plaintiff and will continue to cause irreparable injury to Plaintiff unless Defendant is enjoined from further infringing upon Plaintiff's registered trademark.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

34. Defendant is, without authorization, advertising and offering restaurant and related services under the identical mark.

35. Defendant's use in commerce of the "Golden Door" designation constitutes a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

36. Defendant's use of said designation is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's services in that consumers are likely to believe that Defendant is associated with or related to the Plaintiff or is authorized by Plaintiff to offer infringing services under the infringing "Golden Door" mark.

37. Defendant's conduct has caused and continues to cause substantial damage and injury to Plaintiff's business reputation and goodwill. In addition, Defendant's conduct has caused irreparable damage and injury to Plaintiff and will continue to cause irreparable injury to Plaintiff unless Defendant is enjoined from further infringing upon Plaintiff's registered trademark.

38. If not restrained, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its wrongful acts.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

40. Plaintiff's GOLDEN DOOR mark is famous, having achieved widespread recognition among the general consuming public of the United States as a designation of source for Plaintiff's services.

41. Defendant's use of "Golden Door" commenced after Plaintiff's mark became famous.

42. Defendant's use of the "Golden Door" mark is likely to cause dilution by blurring or tarnishing the distinctive quality of Plaintiff's famous GOLDEN DOOR mark.

43. Defendant's dilution has been willful, entitling Plaintiff to enhanced remedies. In addition, Defendant's conduct has caused irreparable damage and injury to Plaintiff and will continue to cause irreparable injury to Plaintiff unless Defendant is enjoined from further infringing upon Plaintiff's registered trademark.

## COUNT IV
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

45. Under Florida common law, Plaintiff has established superior rights in the GOLDEN DOOR mark through prior use in commerce and the development of goodwill and consumer recognition associated with the mark.

46. Defendant's unauthorized use of the "Golden Door" mark in Florida constitutes common law trademark infringement under Florida law.

47. Defendant's conduct has caused consumer confusion and has damaged Plaintiff's business reputation and goodwill in Florida. In addition, Defendant's conduct has caused irreparable damage and injury to Plaintiff and will continue to cause irreparable injury to Plaintiff unless Defendant is enjoined from further infringing upon Plaintiff's registered trademark.

## COUNT V
## FLORIDA UNFAIR COMPETITION
### (Florida Common Law)

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

49. Defendant's infringing use of Plaintiff's mark in connection with Defendant's services constitutes unfair competition under Florida common law by misappropriating Plaintiff's goodwill and engaging in deceptive business practices designed to confuse consumers and divert business from Plaintiff. Defendant's conduct willfully disregards Plaintiff's valuable intellectual property rights in its GOLDEN DOOR mark.

50. Defendant's unfair competition has caused substantial damage and injury to Plaintiff's business and reputation and will continue to cause irreparable injury to Plaintiff unless Defendant is enjoined from further infringing upon Plaintiff's trademark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, and grant the following relief:

A. A preliminary and permanent injunction restraining and enjoining Defendant, its officers, agents, servants, employees, attorneys, successor and assigns, and those persons in active concert or participation with Defendant, from:

1. Using the mark "Golden Door" "Golden Door Miami" or any other mark incorporating Plaintiff's GOLDEN DOOR mark or any similar variation thereof;
2. Using any trademark, service mark, trade name, or other designation that is confusingly similar to Plaintiff's GOLDEN DOOR mark;
3. Engaging in any activity that constitutes trademark infringement, unfair competition, or dilution of Plaintiff's GOLDEN DOOR mark;

B. An accounting and disgorgement of all profits, gains, and advantages realized by Defendant from its infringing activities;

C. An award of Plaintiff's actual damages sustained as a result of Defendant's infringement;

D. An award of Defendant's profits;

E. Enhanced damages pursuant to 15 U.S.C. § 1117(b) in an amount up to three times the actual damages, based on Defendant's willful infringement;

F. An award of exemplary and punitive damages to deter any further willful infringement as the Court deems appropriate;

G. An award of Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and applicable Florida law, as this is an exceptional case;

H. An award of Plaintiff's costs incurred in prosecuting this action;

I. An order directing Defendant to deliver up for destruction all materials in its possession or control that bear the "Golden Door" mark or any confusingly similar designation, including but not limited to signs, advertising materials, promotional items, stationery, social media, and digital assets;

J. An order requiring Defendant to file within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunctive relief ordered;

K. Pre-judgment and post-judgment interest on all monetary awards; and

L. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

THE MILIAN LEGAL GROUP, PLLC.

1395 Brickell Ave, Suite 800
Miami, Florida 33131
Telephone (786) 808-9736
Primary e-mail: david@lawmilian.com
Secondary: pleadings@lawmilian.com
e-mail: elizabeth@lawmilian.com
By: */s/ David P. Milian*
    David P. Milian
    Florida Bar No.: 844421
    *Counsel for Plaintiff*